FILED
14 JUN -2 AM 11:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SORCE,<br>CDCR #AP-4862,<br><br>Plaintiff,<br><br>vs.<br><br>M. GARIKPAETITI, Doctor;<br>CALIFORNIA DEPARTMENT OF CORRECTIONS; CHIEF CMO,<br><br>Defendants. | Civil No. 14-CV-0327 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND 42 U.S.C. § 1997e(a)**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>**[ECF Doc. No. 2]** |

Joseph Sorce ("Plaintiff"), a former prisoner at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 11, 2014, while he was still incarcerated there.[1]

/ / /

[1] On March 24, 2014, Plaintiff filed a Notice of Change of Address which indicates he has since been released. (ECF Doc. No. 3).

Plaintiff claims the California Department of Corrections, an unidentified Chief Medical Officer at RJD, and M. Garikpaetiti, a doctor at RJD, denied him adequate medical care while he was incarcerated at RJD in September 2013 and January 2014. *See* Compl. (ECF Doc. No. 1 at 1-4). Plaintiff did not prepay the $400 civil and administrative filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

## I. SCREENING AND DISCUSSION

Pursuant to 28 U.S.C. § 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), "the court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). A prisoner under § 1915A is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Because Plaintiff was a prisoner, as defined by 28 U.S.C. § 1915A(c), at the time he filed this action, and he seeks "redress from a governmental entity or officer or employee of a governmental entity," the Court must conduct a sua sponte screening of his Complaint pursuant to § 1915A(a). *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that the PLRA's amendments to 28 U.S.C. § 1915 and 42 U.S.C. § 1997e apply to "individuals who, *at the time they seek to file their civil actions*, . . . are 'prisoners'" as defined by the statutes) (emphasis added).

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of [a

motion to dismiss] under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint fails to state a claim if it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." ) (citing FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Wilhelm*, 680 F.3d at 1121.

"Among other reforms, the PLRA mandates early judicial screening . . . and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones*, 549 U.S. at 202. And while the "failure to exhaust is an affirmative defense under the PLRA," *id.* at 216, a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. *Id.* at 215; *see also Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166.

Applying these standards, the Court finds that Plaintiff's Complaint must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) because it is clear from the face of his pleading that he has conceded that he failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a) *before* he commenced this action.

///

///

///

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." ).

A prisoner who seeks to challenge the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e "when the complaint is tendered to the district clerk." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, if the plaintiff is a prisoner at the time of filing, he must have exhausted all available administrative remedies *before* he files his complaint in federal court.[2] *Id.* at 1051.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system prior to January 28, 2011, a prisoner had to proceed through four levels of appeal: (1) informal resolution, which required a prisoner to submit a CDC 602 inmate appeal form (captioned "Inmate/Parolee Appeal Form"); (2) first level formal written appeal; (3) second level written appeal to the institution head or designee; and (4) third level written appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). *See*

---

[2] Before it was amended by the PLRA, 42 U.S.C. § 1997e authorized district courts to stay a state prisoner's § 1983 action "for a period of not to exceed 180 days" while he exhausted available "plain, speedy, and effective administrative remedies." § 1997e(a)(1). *See Porter v. Nussle*, 534 U.S. 516, 522-23 (2002). "Exhaustion . . . was in large part discretionary; it could be ordered only if the State's prison grievance system met specified federal standards, and even then, only if, in the particular case, the court believed the requirement "appropriate and in the interests of justice." *Id.* at 523 (citing 42 U.S.C. §§ 1997e(a) and (b)).

*Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *see also* CAL. CODE REGS. tit. 15, §§ 3084.1-3084.9.[3] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). *See Lira v. Herrera*, 427 F.3d 1164, 1166–67 (9th Cir. 2005); *see also* CAL. CODE REGS. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

In this case, Plaintiff used the Court's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, which asks if he has "previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged . . . [E.g., CDC Inmate/Parolee Appeal Form 602, etc.]?" *See* (Compl. at 6). In response, Plaintiff circles the word "No." *Id.* And while the form Complaint further asks, "If your answer is 'No', briefly explain why administrative relief was not sought," Plaintiff leaves the section provided for such an explanation blank. *Id.*

Thus, based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, *see Albino*, 747 F.3d at 1169, the Court finds Plaintiff's case must be dismissed for failing to state a claim upon which any relief may be granted. *Jones*, 549 U.S. at 215; 28 U.S.C. § 1915A(b)(1). The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing *McKinney*, 311 F.3d at 1199).

## II. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a);

2. Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) is **DENIED AS MOOT**; and,

---

[3] Effective January 28, 2011, the informal resolution level was eliminated. *See* CAL. CODE REGS. tit. 15, § 3084.7 (as amended Dec. 13, 2010).

3. The Clerk of Court shall enter a final dismissal of this action without prejudice and close the file.[4]

DATED: 5/30/14

HON. ROGER T. BENITEZ
United States District Judge

[4] While the Court typically grants leave to amend liberally in a pro se cases, Plaintiff's status as a prisoner at the time he filed suit, and his clearly conceded failure to exhaust are not pleading defects which could be cured by the allegation of additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").